**Lovejit Singh MAROKE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70160.
INS No. A71–944–777.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Lovejit Singh Maroke, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judges' denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We grant the petition for review.

The BIA conducted its own review of the record. Therefore, we review the BIA's decision rather than the IJ's decision. *See Surita v. INS,* 95 F.3d 814, 819 (9th Cir.1996). Where neither the IJ nor the BIA makes an explicit finding regarding the credibility of the petitioner, we

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

accept the petitioner's testimony as credible. *See Prasad v. INS*, 101 F.3d 614, 616 (9th Cir.1996). We review the BIA's factual determinations for substantial evidence and must uphold them unless the evidence compels a contrary result. *See Surita*, 95 F.3d at 819.

The evidence compels a finding that Maroke suffered past persecution on account of political opinion. He was arrested, held for 15 days, and beaten on three separate occasions during his incarceration for engaging in a peaceful demonstration. *See Prasad v. INS*, 101 F.3d at 617.

Because Maroke established that he suffered past persecution entitling him to a presumption of a well-founded fear of future persecution and the INS failed to rebut this presumption, Maroke is statutorily eligible for asylum. *See Vallecillo–Castillo v. INS*, 121 F.3d 1237, 1239–40 (9th Cir.1996) (explaining that in the absence of any explanation of how changed country conditions will affect petitioner's specific situation, the presumption stands unrebutted). Also, because the presumption "that his life or freedom would be threatened" if deported to India stands unrebutted, he is entitled to withholding of deportation. *See id.* at 1240.

Accordingly, we remand this case to the BIA with instructions to present this matter to the Attorney General for an exercise of discretion under 8 U.S.C. § 1158(b), not inconsistent with this opinion, and for an appropriate order withholding deportation of the petitioner. *See Borja v. INS*, 175 F.3d 732, 739 (9th Cir.1999) (en banc).

PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.